COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
C.A. No.

DAVID R. BOHANAN,          )
Individually and as Executor   )
of the Estate of DorisW. Bohanan,   )      03-2087 L
           plaintiff.          )
                              )
v.                            )     VERIFIED COMPLAINT/
                              )     JURY DEMAND
GENERAL ELECTRIC              )
CAPITAL ASSURANCE             )
COMPANY,                      )
           Defendant          )
                              )
_____)

## PARTIES

1.    David R. Bohanan ("David") is a natural citizen and resident of Worcester County in the Commonwealth of Massachusetts,

2.    General Electric Capital Assurance Company ("GECAC") is an insurance company conducting business in Massachusetts, is listed as "active" with the Massachusetts Department of Insurance and lists its principal place of business as 6604 West Broad Street, Richmond, VA 23230.

## FACTS

3.    David is the son of Doris W. Bohanan ("Doris").

4.    Doris died on October 19, 2000.

5.    Prior to her death, Doris had purchased an Accidental Death insurance policy from GECAC with policy number DVA05254243, naming David as beneficiary.

6.    Premiums to pay for the policy were withdrawn from a bank account Doris maintained at the Millbury Credit Union (now "the Millbury Federal Credit Union") in Millbury, MA.

7.    Premiums to pay for this policy continued to be withdrawn even after Doris' death.

8.    GECAC accepted premium payments for the insurance policy.

9.    Policy no. DVA05254243 was in full force and effect on the date of Doris' death.

10.    The face value of the policy was $251,000.  GECAC avers that the policy is reduced by 50% at age 70.  GECAC further avers that additional benefits available under the policy would increase the actual value of the benefits available pursuant to the policy terms to $131,775. (Exhibit A)

11.    Doris was 78 on the date of her death.

12.    On the evening of her death, at or around 8:00 p.m., David found his mother, Doris, lying face down on the floor beside her bed.  Doris had fallen out of her bed numerous times prior to the date of her death, and been assisted back into her bed by, at different times, David and the local police.  As David attempted to assist his mother back into bed, he realized that she was dead.  Dried blood had spread extensively on the floor around where her head had been and was also on the bottom of the bed post near her head as well as a night stand and cedar storage chest that were in very close proximity to the bed.  David contacted his wife who called the police.  The police arrived and, after an investigation, Doris was taken to a funeral home.  The only light available to illuminate the scene of death was light emanating from a small portable television sitting on the cedar chest and a small lamp on the bedside stand.  The distance between the bed and these pieces of furniture was very narrow, approximately eighteen inches.  This was the area where Doris was found.

13.    On information and belief, Doris' body was taken directly to the funeral home and was not examined by the physician who signed the death certificate.

14.    On information and belief, Doris' body was not examined by any medical personnel after her death.

15.    David was appointed Executor of Doris' estate.  (Exhibit B)

16.    David submitted a claim to GECAC dated 4/2/01 pursuant to the Accidental Death policy insofar as the manner of her death, i.e., having obviously fallen from her bed and striking her head on the floor resulting in a blood spray over the floor and bedroom furniture, indicated that she rolled out of her bed and died as a result of the fall. (Exhibit C)

17.    The occurrence of death in this manner is not a natural cause, but is an accident.

18.    Due to the fact that the physician signing the death certificate ascribed the cause of death to "natural causes", GECAC denied coverage for this claim.

19.    On information and belief, the physician signing the death certificate never saw or examined Doris after she died and, in fact, had not seen her at all recently prior to

her death, nor had he reviewed any autopsy or other medical records created subsequent to Doris' death.

20.   GECAC indicated from its very first response to David's claim that they would deny the claim. (Exhibit A).

21.   GECAC stated that it would conduct an investigation into the cause of Doris' death.

22.   By correspondence dated 8/15/01 GECAC stated that it had completed its review of Doris' death and denied the claim for benefits.  (Exhibit D)

23.   Even though he was the person who found Doris, at no time was David contacted by GECAC regarding her death, other by than letters stating the investigation was ongoing.

24.   David was never contacted by GECAC to describe what he had observed at the scene of Doris' death.

25.   After receiving the denial of claim from GECAC David sent a M.G.L. c. 93A demand letter to GECAC dated 12/31/01 in which he set out the circumstances of his finding Doris. (Exhibit E)

26.   GECAC did not respond with a reasonable offer of settlement to the c. 93A demand letter. (Exhibit F).

## COUNT I – BREACH OF CONTRACT

27.   Paragraphs 1-26 are repeated and realleged as if set forth completely herein.

28.   GECAC entered into a contract for life insurance with Doris prior to her death whereby GECAC agreed to pay death benefits to the beneficiary of Doris' policy upon Doris' death by accident.

29.   Doris fully performed her obligations under the terms of the contract by paying premiums to GECAC that GECAC accepted.

30.   Doris died in a manner consistent with a finding that she died of an accident, *to wit*, she fell from her bed and apparently struck her head at least on the floor, and possibly on other pieces of furniture in her fall.

31.   No one observed Doris fall.

32.   The first person to observe Doris after her fall was David.

3

33.    Despite ascribing her cause of death to "natural causes" the physician signing the death certificate has no actual knowledge of the cause of Doris' death.

34.    The inference that Doris died from an accident is more reasonable than that she died from natural causes.

35.    Pursuant to the terms of the contract of life insurance that GECAC entered into with Doris, GECAC is required to pay death benefits to David.

36.    GECAC has failed and refused to pay said death benefits to David.

37.    GECAC is in breach of the contract it made with Doris.

38.    The Estate of Doris and David as beneficiary are entitled to pursue this action for breach of contract against GECAC.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay death benefits to David pursuant to the contract GECAC entered into with Doris.

## COUNT II – NEGLIGENT MISREPRESENTATION

39.    Paragraphs 1-38 are repeated and realleged as if set forth completely herein.

40.    GECAC represented to Doris that if she paid premiums on an accidental death life insurance policy and if she died as the result of an accident, that GECAC would pay benefits to her designated beneficiary.

41.    Doris relied on the representations of GECAC to her detriment, to the detriment of her estate, and to the detriment of David, in that she paid premiums, yet GECAC refused to pay benefits to David when she died as the result of an accident.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay death benefits to David pursuant to the contract GECAC entered into with Doris, as well as any other award this Court deems just and proper, including punitive damages, costs, and attorney fees, as applicable.

## COUNT III – M.G.L. c. 93A

42.    Paragraphs 1-41 are repeated and realleged as if set forth completely herein.

43.    The refusal of GECAC to pay death benefits as described *supra.* is an unfair insurance practice in violation of M.G.L. c. 176D.

44.    A violation of M.G.L. c. 176D is a *per se* violation of M.G.L. c. 93A.

4

45.  David sent a proper and valid c. 93A demand letter to GECAC wherein he not only made demand for death benefits, but also explained the circumstances of Doris' death.

46.  GECAC denied coverage and refused to pay death benefits as the contract required and as GECAC represented that it would.

47.  The refusal of GECAC to pay death benefits was in bad faith and is an unfair and/or deceptive practice in violation of M.G.L. c. 93A §§ 2 and 9.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay multiple damages, costs and attorney fees, as applicable, pursuant to M.G.L. c. 93A, and any other award this Court deems just and proper.

Plaintiff demands a jury trial on all issues so triable.

David R. Bohanan hereby swears that all facts set forth above are true and accurate to the best of his knowledge, information and belief.

August 5, 2003

By Plaintiff,

David R. Bohanan
286 Boston Road
Sutton, MA 01590
(508) 865-7352

5

# EXHIBIT A



**GE Capital Assurance**

Long Term Care Division
1650 Los Gamos Drive
San Rafael, Ca. 94903-1899
(415) 492-7000

May 24, 2001                                        THIRD COPY

David R Bohanan                         Copy To: B.C.I.
286 Boston Rd                                    Attn: Claims Department
Sutton, MA 01590                                 P.O. Box 41029
                                                 Nashville Tn 37204

Re: Claim For: Doris W  Bohanan
    Insured: Doris W  Bohanan
    Claim Number: V56329
    Policy Number: DVA05254243

Dear Mr. Bohanan:

We have received your request for benefits under the above policy and
wish to extend our sincere condolences on the loss of your mother.

This policy provides benefits in the event of loss resulting from
bodily injury caused by an accident.  We note the death certificate
submitted indicates the cause of death as "Coronary Artery Disease"
and the manner of death as "Natural".  To properly evaluate the claim,
we have requested records from Dr. Gilbert.  When the records are
received, the file will be reviewed by our Medical Consultant and we
will then advise you of our decision regarding the availability of
benefits.

We note on your claim statement that the amount of insurance claimed
is $251,000.  Benefits under this policy reduce by 50% at age 70.
Therefore, benefits being considered are in the amount of $125,000
Contributory, $500 Non-Contributory plus $6,275 Continuous Coverage
Bonus for a total of $131,775.

If you have questions, please contact us by phone at 1-800-759-7610 or
by letter at P.O. Box 8026, San Rafael, CA 94912-8026.

Sincerely,


Carol J. Butler, Senior Benefit Specialist
Claims Services
General Electric Capital Assurance Company


374527-5-87

# EXHIBIT B

*F. u. Krid*
*r*

**Commonwealth of Massachusetts**
**The Trial Court**
Worcester. Division    Probate and Family Court Department    Docket No. _00PR323,_

**Probate of Will With/Without Sureties**

*Filed Nov 7.00*

Name of Decedent _Doris W. Bohanan_

Domicile at Death _19 DeWitt Road_____ _Sutton_____ _Worcester_ _01590_
                    (Street and No.)                    (City or Town)    (County)    (Zip)

Date of Death _October 19, 2000_

Name and address of Petitioner(s) _David R. Bohanan_____ _286 Boston Road_
_____Sutton, MA_____

_____ Status _son_

### Heirs at law or next of kin of deceased including surviving spouse:

| Name | Residence | Relationship |
|------|-----------|--------------|
| | (minors and incompetents must be so designated) | |
| Russell W. Bohanan | deceased | husband |
| James R. Bohanan | deceased (WPC 93PR3616EP1) | son |
| Matthew K. Bohanan | 24 Carron Lane, Oxford, MA | Grandson |
| Christopher Bohanan | 24 Carron Lane, Sutton, MA | Grandson |
| David R. Bohanan  286 Boston Rd., Sutton, MA | | Son |

That said deceased left a will — and codicil(s) — herewith presented, wherein your petitioner(s) is/are named
execut _or_ _____
and wherein the testat _rix_ had requested that your petitioner(s) be exempt from giving surety on his/her/their
bond(s).

[X] The petitioner(s) hereby certif _ies_ that a copy of this document, along with a copy of the decedent's death
certificate has been sent by underlined certified mail to the **Department of Public Welfare, P.O. Box 86, Essex Station,**
**Boston, Massachusetts 02112.**
Wherefore your petitioner(s) pray(s) that said will — and codicil(s) — may be proved and allowed, and that
he/she/they be appointed execut _or_ thereof, with/without surety on his/her/their bond(s) and certif _ies_ under the
penalties of perjury that the statements herein contained are true to the best of his/her/their knowledge and belief.

Date _Nov 2, 2000_____    Signature(s) _[signature]_____
                                                _David R. Bohanan_

The undersigned hereby assent to the foregoing petition and to the allowance of the will without testimony.

_____        _____
_____        _____
_____        _____

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections being
made thereto, it is decreed that said instrument(s) be approved and allowed as the last will and testament of said
deceased, and that said petitioner(s):
—of_____ _David R. Bohanan_____
and_____ of _Sutton,_____
_____in the County of Worcester_____ be appointed
execut _or_____ thereof, first giving bond with _out_____ sureties for the due performance of said trust.

Date _December 7, 2000_____    _[signature] King_____
                                        JUSTICE OF THE PROBATE AND FAMILY COURT

*/*

CJ-P2 (8/92)

# EXHIBIT C



**GE Capital Assurance**

ID# 069419953
CC 21300

## ACCIDENTAL DEATH CLAIM STATEMENT

The following statement is to comply with the requirement of various states: Any person who knowingly and with intent to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information, is guilty of a felony.

INSTRUCTIONS: THE BENEFICIARY MUST COMPLETE THIS FORM IN FULL, SIGN AND DATE WHERE INDICATED, RETURN THIS FORM WITH A CERTIFIED COPY OF THE DEATH CERTIFICATE AND THE INSURANCE POLICY OR CERTIFICATE UNLESS THE DECEASED IS A DEPENDENT.

| 1. NAME OF DECEASED | 2. LAST RESIDENCE OF DECEASED |
|---|---|
| Doris W. Bohanan | 19 Dewitt Rd. Sutton, MA 01590 |

| 3. DATE OF BIRTH OF DECEASED | 4. DATE OF DEATH OF DECEASED | |
|---|---|---|
| 8/7/22 | 10/19/00 | |

| 5. PLACE OF BIRTH OF DECEASED | 6. LAST OCCUPATION AT TIME OF ACCIDENT | 7. EMPLOYER'S NAME & ADDRESS |
|---|---|---|
| Worcester, MA | Retired | n/a |

| 8. PLACE OF DEATH OF DECEASED | 9 TOTAL AMOUNT OF INSURANCE CLAIMED | 10. IF DEATH RESULTED SOLELY FROM BODILY INJURIES, STATE WHETHER SUCH INJURIES AND DEATH WERE DUE TO ACCIDENT, SUICIDE, OR HOMICIDE |
|---|---|---|
| Sutton MA | $ 251,000 | Accident |

| 11. NAME OF MEMBER (IF OTHER THAN DECEASED) | 12. POLICY PREFIX AND NUMBER |
|---|---|
| n/a | 23100 654 |

GIVE THE DATE AND PLACE ACCIDENT OCCURRED

10/19/00    19 Dewitt Rd. Sutton, MA

DESCRIBE HOW ACCIDENT OCCURRED AND WHAT THE DECEASED WAS DOING AT THAT TIME

My mother APPARENTLY fell from her bed and struck her head on the floor or nightstand.

WERE ANY OTHER PEOPLE INVOLVED IN THE ACCIDENT? YES ☐ NO ☒ IF YES, GIVE NAMES AND ADDRESSES

GIVE THE NAMES AND ADDRESSES OF WITNESSES

NONE

WAS DECEASED HOSPITALIZED? YES ☐ NO ☒ IF YES, GIVE NAME AND ADDRESS OF HOSPITAL

DATES: FROM _____ THROUGH _____

GIVE NAMES AND ADDRESSES OF ALL DOCTORS WHO EXAMINED OR TREATED THE DECEASED AFTER THE ACCIDENT

NONE

GIVE NAMES AND ADDRESSES OF ALL DOCTORS WHO EXAMINED OR TREATED THE DECEASED DURING THE FIVE YEARS BEFORE THE ACCIDENT

Dr. William Tosches
54 Hopedale St. Hopedale MA 01747

Dr. James Gilbert
188 Providence Tpk.
Sutton MA 01527

WAS THERE AN AUTOPSY OR INQUEST? ☐ AUTOPSY ☐ INQUEST ☐ PENDING ☒ NONE

GIVE NAME OF COMPANY AND POLICY NUMBER OF ANY OTHER LIFE OR ACCIDENTAL DEATH BENEFITS BEING CLAIMED

~~Boins~~ Cigna - 200 8698
Mutual of Omaha - 53 77395

Metropolitan
581 144 113 mp
637 137 839 A

## AUTHORIZATION

TO ALL PHYSICIANS AND OTHER MEDICAL PROFESSIONALS, HOSPITALS AND OTHER MEDICAL CARE INSTITUTIONS AND TO INSURERS, MEDICAL OR HOSPITAL SERVICE AND PREPAID HEALTH PLANS, EMPLOYERS AND GROUP POLICYHOLDERS, CONTRACT HOLDERS OR BENEFIT PLAN ADMINISTRATORS, AND ALL GOVERNMENTAL AGENCIES, MUNICIPAL, COUNTY, STATE, FEDERAL AND SPECIAL DISTRICTS: YOU ARE AUTHORIZED TO PROVIDE GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY, ITS AFFILIATES AND REINSURERS, AND ANY AGENT, CONSUMER REPORTING AGENCY OR INDEPENDENT CLAIM ADMINISTRATOR ACTING ON BEHALF OF G.E. CAPITAL WITH INFORMATION CONCERNING MEDICAL CARE, TREATMENT OR SUPPLIES, INCLUDING PSYCHIATRIC RECORDS, PROVIDED THE DECEASED NAMED BELOW. I ALSO AUTHORIZE THE DECEASED'S EMPLOYER(S), INSURER(S) AND ANY GOVERNMENTAL AGENCY TO PROVIDE G.E. CAPITAL WITH FINANCIAL OR EMPLOYMENT RELATED INFORMATION OR ANY OTHER INFORMATION THAT MAY HAVE A BEARING ON THE DEATH OF THIS PERSON OR WHETHER COVERAGE APPLIES. THIS INFORMATION WILL BE USED FOR EVALUATING A CLAIM FOR POLICY PROCEEDS. THIS AUTHORIZATION IS GIVEN IN CONNECTION WITH A CLAIM FOR ACCIDENTAL DEATH. I UNDERSTAND THAT IS IS VALID FOR THE DURATION OF THE CLAIM. I ALSO UNDERSTAND THAT I OR MY AUTHORIZED REPRESENTATIVE MAY RECEIVE A COPY OF THIS AUTHORIZATION UPON REQUEST. A COPY OF THIS AUTHORIZATION SHALL HAVE THE SAME AUTHORITY AS THE ORIGINAL.

| NAME OF BENEFICIARY | BENEFICIARY'S SIGNATURE | DATE |
|---|---|---|
| Doris W. Bohanan | | 4/3/01 |

| BENEFICIARY'S RELATIONSHIP TO DECEASED | BENEFICIARY'S SOCIAL SECURITY NO. | STREET ADDRESS |
|---|---|---|
| Son | 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 | 286 Boston Rd. |

| BENEFICIARY'S DATE OF BIRTH | TELEPHONE NO. | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10/14/53 | 508-865-7352 | Sutton | MA | 01590 |

71063

**HAVE ATTENDING PHYSICIAN COMPLETE OTHER SIDE**

# EXHIBIT D

 **GE Capital Assurance**

*Long Term Care Division*
*1650 Los Gamos Drive*
*San Rafael, Ca. 94903-1899*
*(415) 492-7000*

August 15, 2001

David R Bohanan
286 Boston Rd
Sutton, MA 01590

Copy To: B.C.I.
Attn: Claims Department
P.O. Box 41029
Nashville Tn 37204

Re: Claim For: Doris W  Bohanan
    Insured: Doris W  Bohanan
    Claim Number: V56329
    Policy Number: DVA05254243

Dear Mr. Bohanan:

We have completed our review of your claim for accident benefits under
the above referenced policy.

This policy provides an Accident Benefit when an Insured Person's
injury results in Loss within one year of the date of the accident.
"Injury" is defined as "bodily injury of an Insured Person which: (1)
is caused by an accident that occurs while the Policy is in force as
to the Insured Person, (2) results directly in loss insured by the
Policy, (3) creates a loss due, directly and independently of all
other causes, to such accidental injury..."

The information we have received, including copies of medical records
from Dr.  James Gilbert, has been reviewed by our Medical Department.
This review states that there is no indication Mrs.  Bohanon's death
was due, directly and independently of all other causes, to an
accidental bodily injury, but was the result of coronary artery
disease.  The manner of death was termed to be "Natural".  Since her
death was not the direct and independent result of an accidental
bodily injury as required by the policy, there are no benefits
payable.

We regret that our decision could not have been more favorable.



**GE Capital Assurance**

Long Term Care Division
1650 Los Gamos Drive
San Rafael, Ca. 94903-1899
(415) 492-7000

Bohanan
08/15/01
Page 2

If you have questions, please contact us by phone at 1-800-759-7610 or
by letter at P.O. Box 8026, San Rafael, CA 94912-8026.

Sincerely,

Patricia M. Carrillo, Senior Benefit Specialist
Claims Services
General Electric Capital Assurance Company

374527-5-87

# EXHIBIT E

286 Boston Road
Sutton, MA 01590
December 31, 2001

Ms. Patricia M. Carrillo
Senior Benefit Specialist
General Electric Capital Assurance Company
Long Term Care Division
P.O. Box 8026
San Rafael, CA 94912-8026

RE:    Insured:    Doris W. Bohanan
         Claim No.:    V56329
         Policy No.:    DVA05254243

VIA Certified Mail No.: 7000 0600 0022 2918 1266

Dear Ms. Carrillo,

This is a demand letter sent pursuant to Massachusetts General Laws chapter 93A, the Massachusetts Consumer Protection Statute. Your[1] failure to pay the Accident Benefit to the beneficiary of the above referenced policy constitutes an unfair and deceptive trade practice and an unfair claims settlement practice in violation of M.G.L. c. 176D §3(9), which is a *per se* violation of 93A, §§2 and 9.

Your above referenced insured took out an Accidental Death Policy through your affiliation with the Millbury Credit Union (now the Millbury Federal Credit Union, hereafter referred to as "MCU"). You accepted her application for insurance and periodically automatically withdrew payment of premium from her checking account at MCU. Premium payments were current and the policy was in effect at the time of her death on 10/19/00. A claim notice was sent by me, executor of my mother's estate and

---

[1] Reference to "your" and "you" is reference to General Electric Capital Assurance Company ("GECAC") insofar as I have been contacted by more than one representative on GECAC's behalf.

beneficiary of the above referenced policy, to you which you acknowledged by correspondence dated May 24, 2001.

Your intent to deny this claim was evident from the very first correspondence I received from you dated May 24, 2001 after I submitted this claim. In that correspondence you state that the cause of death was indicated as "natural", and then state that you are going to review the medical records of Dr. Gilbert, my mother's physician and the doctor rendering the opinion as to cause of death. You do not state that you will conduct any other kind of investigation into my mother's death. Your only investigation appears to be of the records of the doctor who opined that my mother died of natural causes, which is obviously no investigation at all. At no time in any of your correspondence did you refer to the police report that I sent with my notice of claim. Furthermore, no one from your office ever contacted me, the person who found my mother.

I would be very interested to review Dr. Gilbert's records and, if this matter proceeds to litigation I will have that opportunity. Specifically, I do not recall my mother stating that she had visited him at any recent time prior to her death. I know for a fact that he did not see her on the night of her death, nor was an autopsy performed which he could have reviewed. In short, he had no basis for rendering that opinion, other than speculation and conjecture, and I would be interested to see where his records reflect that my mother died from natural causes <u>on the night of her death</u>. Obviously, despite any conditions from which she might have suffered prior to her death, it is impossible to say what <u>caused</u> her death without even seeing her or knowing the facts of her death. Your review of all the pertinent records should have revealed the fact that Dr. Gilbert did not see my mother on the night of her death, nor did he examine her on that night or on any occasion within a recent time proximity to her death. Accordingly, to base your denial of this claim on his opinion is spurious and in bad faith, particularly in light of information which you <u>did</u> have, or which you could have, but failed to, obtain.

In the event that the police report was misplaced, I enclose it again for your review. You will note that it indicates that I found my mother face down on the floor beside her bed. The police report indicates that the police had "been to the victim's home on numerous occasions in the past to assist her after falling from her bed in the very position she had been found."

My testimony is that I found my mother face down on the floor beside her bed. Not realizing that she was dead, and having found her in this position in the past, I attempted to lift her back into bed, then realized that she was dead. The floor was covered with blood where her head had struck.

In short, given the circumstances, there is no way to reasonably claim that my mother did not die of an accident. Even if your initial intention to deny was based on a reasonable assessment of the facts, subsequent investigation should have revealed that denial was not appropriate. Your continued denial represents a bad faith and unfair claims settlement practice in violation of M.G.L. c. 176D, which is a violation of M.G.L. c. 93A. Please be advised that if this matter proceeds to litigation and I prevail, pursuant to M.G.L. c. 93

§9. I could receive up to three times the amount of my damages, as well as costs and attorney's fees.

The facts, claims and allegations set forth in this letter are not intended to, nor should they be construed to, limit or otherwise waive any additional facts which I may assert, or additional claims or allegations which I may make in any subsequent actions taken by me or on my behalf or on behalf of my mother's estate. The facts, allegations and claims set forth in this letter fulfill the requirements of M.G.L. c. 93A §§ 2 and 9 and are for the purposes of making a demand pursuant to M.G.L. c. 93A §§ 2 and 9.

Demand is herewith made for the death benefit under the above referenced policy, or $131,775.00. Pursuant to M.G.L. c. 93A §9, if you intend to respond to this demand, you must do so within 30 days.

Regards,

David R. Bohanan

cc:     Millbury Federal Credit Union

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)  *Jennifer Ton*   B. Date of Delivery  JAN – 4 2002<br>C. Signature<br>X *Jann*    ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br><br>*Ms. Patricia M. Carillo*<br>*GE Capital Assurance C.*<br>*P.O. Box 8026*<br>*San Rafael, CA*<br>*94912 - 8026* | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article<br>*70*<br>PS Form | 5-00-M-0952 |

---

## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

**7000 0600 0022 2918 1266**

| Article Sent To: | | |
|---|---|---|
| SAN RAFAEL, CA 94912 | | UNIT ID: 0527 |
| Postage | $ | 0.57 |
| Certified Fee | | 2.10 |
| Return Receipt Fee<br>(Endorsement Required) | | 1.50 |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | 4.17 |

Postmark  MILLBURY MA 01  Clerk: KYN5-0  12/31/01

Name (Please Print Clearly) (to be completed by mailer)
*GE Capital Assurance Corp.*
Street, Apt. No.; or PO Box No.
*P.O. Box 8026*
City, State, ZIP+4
*San Rafael, CA 94912-8026*

PS Form 3800, July 1999                    See Reverse for Instructions

# EXHIBIT F



**GE Capital Assurance**

_Long Term Care Division_
_1650 Los Gamos Drive_
_San Rafael, Ca. 94903-1899_
_(415) 492-7000_

January 22, 2002

David R Bohanan
286 Boston Rd
Sutton, MA 01590

Re: Claim For: Doris W Bohanan
    Insured: Doris W Bohanan
    Claim Number: V56329
    Policy Number: DVA05254243

Dear Mr. Bohanan:

This will acknowledge receipt of your letter appealing our decision on
the claim on the above referenced policy.

The file was reviewed by our claims committee, and we must advise you
that we are reaffirming our original decision that no benefits are
available under the terms of the policy.

As indicated in our previous correspondence, this policy provides
benefits only in the event of loss which is due, directly and
independently of all other causes, to accidental bodily injury.
Medical records requested in an attempt to better understand the
circumstances surrounding your mother's death reveal that Mrs.
Bohanan had a history of degenerative joint disease, coronary artery
disease, and hypertension.

During our original evaluation of your claim we did review the police
report. The report indicates that, while your mother did have some
minor cuts and abrasions, there was no evidence of an accident.

If you have questions, please contact us by phone at 1-800-759-7610 or
by letter at P.O. Box 8026, San Rafael, CA 94912-8026.

Sincerely,

_Christopher Cake_

Christopher Cake, Benefit Analyst
Claims Services
General Electric Capital Assurance Company

374527-5-87



PITNEY BOWES
$ 1 5 2
US POSTAGE

BOSTON MA
NO 05

OMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
ONE SOUTH STATION
BOSTON, MASS 02110

General Electric Capital Assurance Company
6007 N. Broad Street
Richmond, VA 23230

Law Dept
3.040

RCVD/REC/MGT
NOV - 7 2003
LIC DEPT

| CIVIL ACTION COVER SHEET | 03-2087 C | Superior Court Department County: WORCESTER |
|---|---|---|

**PLAINTIFF(S)** David R. Bohanan *Individually and as Executor of Estate of Denise Bohanan*

**DEFENDANT(S)** General Electric Capital Assurance Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Pro se

**ATTORNEY (If known)**

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract | (F) | ( ✓ ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $
2. Total Doctor expenses ..................................................... $
3. Total chiropractic expenses .............................................. $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe) ......................................... $
                                                   **Subtotal** $
B. Documented lost wages and compensation to date ........................ $
C. Documented property damages to date ................................... $
D. Reasonably anticipated future medical and hospital expenses ........... $
E. Reasonably anticipated lost wages ...................................... $
F. Other documented items of damages (describe)

                                                     $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                     $
                                             **TOTAL** $

### CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant insurance company failed to benefits of accidental death life insurance policy to plaintiff beneficiary.

                              **TOTAL** $. 131,775.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Plaintiff_ _[signature]_       DATE: 10/10/03

AOTC-6 mc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| .01 | Services, labor and materials | (F) |
| .02 | Goods sold and delivered | (F) |
| .03 | Commercial Paper | (F) |
| .08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| 303 | Motor Vehicle negligence-personal injury/property damage | (F) |
| 304 | Other negligence-personal injury/property damage | (F) |
| 305 | Products Liability | (A) |
| 306 | Malpractice-medical | (A) |
| 307 | Malpractice-other(Specify) | (A) |
| 308 | Wrongful death,G.L.c.229,s2A | (A) |
| 315 | Defamation (Libel-Slander) | (A) |
| 319 | Asbestos | (A) |
| 320 | Personal Injury-Slip&Fall | (F) |
| 321 | Environmental | (A) |
| 322 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes   ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

David R. Bohanan, Individually
and as Executor of the Estate
of Doris W. Bohanan

**Plaintiff (s)**

No.

93-2057 C

**SUMMONS**

v.

General Electric Capital
Assurance Company

**Defendant (s)**

\*    To the above-named Defendant:

You are hereby summoned and required to serve upon David R. Bohanan, whose address is 286 Boston Rd, Sutton, MA 01590 plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 10th day of October in the year of our Lord two thousand and three.

Francis G. Ford

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on *November 4*
20.*03*...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

*First Class mail to General Electric Capital Assurance Co.,*
*6604 N. Blood Street, Richmond VA 23230*

*Craig Mackey*

Dated: ....*11 / 04*........................, 20.*03*............

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

RECEIVED
NOV - 4 2003 , 20
DIVISION OF INSURANCE
OFFICE OF THE GENERAL COUNSEL



COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

David R. Bohannan, Individually
and as Executor of the Estate
of Doris W. Bohannan ...........Plaintiff

General Electric Capital
Assurance Company ...........Defendant

SUMMONS

(Mass. R. Civ. P. 4)