Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

FILED
IN CLERKS OFFICE
2003 DEC -9 A 11: 50
U.S. DISTRICT COURT
DISTRICT OF MASS.

## WOCV2003-02087
### Bohanan Individually et al v General Electric Capital Assurance Company

| | | | | |
|---|---|---|---|---|
| **File Date** | 10/28/2003 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 12/01/2003 | **Session** | C - Civil C (16 Worcester) | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/26/2004 | **Answer** | 03/26/2004 | **Rule12/19/20** | 03/26/2004 |
| **Rule 15** | 03/26/2004 | **Discovery** | 08/23/2004 | **Rule 56** | 09/22/2004 |
| **Final PTC** | 10/22/2004 | **Disposition** | 12/21/2004 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
David R Bohanan Individually
286 Boston Road
Sutton, MA 01590
Phone: 508-865-7352
Active 10/28/2003 Notify

**Plaintiff**
David R Bohanan Executor
286 Boston Road
Sutton, MA 01590
Phone: 508-865-7352
Estate of Doris W Bohanan
Active 10/28/2003

**Alias plaintiff name**
Doris W Bohanan Estate of
Active 10/28/2003

**Defendant**
General Electric Capital Assurance Company
6604 West Broad Street
Richmond, VA 23230
Served: 11/04/2003
Served (answr pending) 11/04/2003

**Private Counsel 542138**
Stephen A Roach
Roach & Wise
31 State Street
8th floor
Boston, MA 02109-2705
Phone: 617-723-2800
Fax: 617-723-4313
Active 11/28/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/28/2003 | 1.0 | Verified Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 10/28/2003 | | Origin 1, Type A99, Track F. |

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2003-02087
### Bohanan Individually et al v General Electric Capital Assurance Company

| Date | Paper | Text |
|---|---|---|
| 10/28/2003 | | Filing fee paid in the amount of $240.00, surcharge in the amount of $15.00 including $20.00 security fee.($275.00) |
| 10/30/2003 | | Notice of 93A complaint sent to Attorney General |
| 11/18/2003 | 2.0 | SERVICE RETURNED: General Electric Capital Assurance Company (Defendant) service made on 11-4-03 (first class mail) |
| 11/28/2003 | 3.0 | Notice for Removal to the United States District Court filed by General Electric Capital Assurance Company |
| 12/01/2003 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2087 | Trial Court of Massachusetts Superior Court Department County: WORCESTER |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| David R. Bohanan, Individually and as Executor of Estate of Doris W. Bohanan | General Electric Capital Assurance Company |
| **ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** | **ATTORNEY (if known)** |
| Pro se | |
| Board of Bar Overseers number: | |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract | (F) | (x) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..........
2. Total Doctor expenses ................................................. $..........
3. Total chiropractic expenses ........................................... $..........
4. Total physical therapy expenses ....................................... $..........
5. Total other expenses (describe) ....................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ......................... $..........
C. Documented property damages to date .................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............ $..........
E. Reasonably anticipated lost wages ...................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $..........
   TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendant insurance company failed to benefits of accidental death life insurance policy to plaintiff beneficiary.

TOTAL $ 131,775.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Plaintiff_ [signature]    DATE 10/10/03

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.      **FILED**     SUPERIOR COURT
C.A. No.

DAVID R. BOHANAN, ) OCT 28 2003
Individually and as Executor )
of the Estate of Doris W. Bohanan, )
    plaintiff. )
)
v. )     VERIFIED COMPLAINT/
)     JURY DEMAND
GENERAL ELECTRIC )
CAPITAL ASSURANCE )
COMPANY, )
    Defendant )
)
_____ )

03-2087

## PARTIES

1. David R. Bohanan ("David") is a natural citizen and resident of Worcester County in the Commonwealth of Massachusetts,

2. General Electric Capital Assurance Company ("GECAC") is an insurance company conducting business in Massachusetts, is listed as "active" with the Massachusetts Department of Insurance and lists its principal place of business as 6604 West Broad Street, Richmond, VA 23230.

## FACTS

3. David is the son of Doris W. Bohanan ("Doris").

4. Doris died on October 19, 2000.

5. Prior to her death, Doris had purchased an Accidental Death insurance policy from GECAC with policy number DVA05254243, naming David as beneficiary.

6. Premiums to pay for the policy were withdrawn from a bank account Doris maintained at the Millbury Credit Union (now "the Millbury Federal Credit Union") in Millbury, MA.

7. Premiums to pay for this policy continued to be withdrawn even after Doris' death.

8. GECAC accepted premium payments for the insurance policy.

9. Policy no. DVA05254243 was in full force and effect on the date of Doris' death.

10. The face value of the policy was $251,000. GECAC avers that the policy is reduced by 50% at age 70. GECAC further avers that additional benefits available under the policy would increase the actual value of the benefits available pursuant to the policy terms to $131,775. (Exhibit A)

11. Doris was 78 on the date of her death.

12. On the evening of her death, at or around 8:00 p.m., David found his mother, Doris, lying face down on the floor beside her bed. Doris had fallen out of her bed numerous times prior to the date of her death, and been assisted back into her bed by, at different times, David and the local police. As David attempted to assist his mother back into bed, he realized that she was dead. Dried blood had spread extensively on the floor around where her head had been and was also on the bottom of the bed post near her head as well as a night stand and cedar storage chest that were in very close proximity to the bed. David contacted his wife, who called the police. The police arrived and, after an investigation, Doris was taken to a funeral home. The only light available to illuminate the scene of death was light emanating from a small portable television sitting on the cedar chest and a small lamp on the bedside stand. The distance between the bed and these pieces of furniture was very narrow, approximately eighteen inches. This was the area where Doris was found.

13. On information and belief, Doris' body was taken directly to the funeral home and was not examined by the physician who signed the death certificate.

14. On information and belief, Doris' body was not examined by any medical personnel after her death.

15. David was appointed Executor of Doris' estate. (Exhibit B)

16. David submitted a claim to GECAC dated 4/2/01 pursuant to the Accidental Death policy insofar as the manner of her death, i.e., having obviously fallen from her bed and striking her head on the floor resulting in a blood spray over the floor and bedroom furniture, indicated that she rolled out of her bed and died as a result of the fall. (Exhibit C)

17. The occurrence of death in this manner is not a natural cause, but is an accident.

18. Due to the fact that the physician signing the death certificate ascribed the cause of death to "natural causes", GECAC denied coverage for this claim.

19. On information and belief, the physician signing the death certificate never saw or examined Doris after she died and, in fact, had not seen her at all recently prior to

her death, nor had he reviewed any autopsy or other medical records created subsequent to Doris' death.

20. GECAC indicated from its very first response to David's claim that they would deny the claim. (Exhibit A).

21. GECAC stated that it would conduct an investigation into the cause of Doris' death.

22. By correspondence dated 8/15/01 GECAC stated that it had completed its review of Doris' death and denied the claim for benefits. (Exhibit D)

23. Even though he was the person who found Doris, at no time was David contacted by GECAC regarding her death, other by than letters stating the investigation was ongoing.

24. David was never contacted by GECAC to describe what he had observed at the scene of Doris' death.

25. After receiving the denial of claim from GECAC David sent a M.G.L. c. 93A demand letter to GECAC dated 12/31/01 in which he set out the circumstances of his finding Doris. (Exhibit E)

26. GECAC did not respond with a reasonable offer of settlement to the c. 93A demand letter. (Exhibit F).

## COUNT I – BREACH OF CONTRACT

27. Paragraphs 1-26 are repeated and realleged as if set forth completely herein.

28. GECAC entered into a contract for life insurance with Doris prior to her death whereby GECAC agreed to pay death benefits to the beneficiary of Doris' policy upon Doris' death by accident.

29. Doris fully performed her obligations under the terms of the contract by paying premiums to GECAC that GECAC accepted.

30. Doris died in a manner consistent with a finding that she died of an accident, *to wit*, she fell from her bed and apparently struck her head at least on the floor, and possibly on other pieces of furniture in her fall.

31. No one observed Doris fall.

32. The first person to observe Doris after her fall was David.

33. Despite ascribing her cause of death to "natural causes" the physician signing the death certificate has no actual knowledge of the cause of Doris' death.

34. The inference that Doris died from an accident is more reasonable than that she died from natural causes.

35. Pursuant to the terms of the contract of life insurance that GECAC entered into with Doris, GECAC is required to pay death benefits to David.

36. GECAC has failed and refused to pay said death benefits to David.

37. GECAC is in breach of the contract it made with Doris.

38. The Estate of Doris and David as beneficiary are entitled to pursue this action for breach of contract against GECAC.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay death benefits to David pursuant to the contract GECAC entered into with Doris.

## COUNT II – NEGLIGENT MISREPRESENTATION

39. Paragraphs 1-38 are repeated and realleged as if set forth completely herein.

40. GECAC represented to Doris that if she paid premiums on an accidental death life insurance policy and if she died as the result of an accident, that GECAC would pay benefits to her designated beneficiary.

41. Doris relied on the representations of GECAC to her detriment, to the detriment of her estate, and to the detriment of David, in that she paid premiums, yet GECAC refused to pay benefits to David when she died as the result of an accident.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay death benefits to David pursuant to the contract GECAC entered into with Doris, as well as any other award this Court deems just and proper, including punitive damages, costs, and attorney fees, as applicable.

## COUNT III – M.G.L. c. 93A

42. Paragraphs 1-41 are repeated and realleged as if set forth completely herein.

43. The refusal of GECAC to pay death benefits as described *supra.* is an unfair insurance practice in violation of M.G.L. c. 176D.

44. A violation of M.G.L. c. 176D is a *per se* violation of M.G.L. c. 93A.

4

45. David sent a proper and valid c. 93A demand letter to GECAC wherein he not only made demand for death benefits, but also explained the circumstances of Doris' death.

46. GECAC denied coverage and refused to pay death benefits as the contract required and as GECAC represented that it would.

47. The refusal of GECAC to pay death benefits was in bad faith and is an unfair and/or deceptive practice in violation of M.G.L. c. 93A §§ 2 and 9.

*Wherefore,* Plaintiff hereby asks this Honorable Court to order GECAC to pay multiple damages, costs and attorney fees, as applicable, pursuant to M.G.L. c. 93A, and any other award this Court deems just and proper.

Plaintiff demands a jury trial on all issues so triable.

David R. Bohanan hereby swears that all facts set forth above are true and accurate to the best of his knowledge, information and belief.

August 5, 2003

By Plaintiff,

*/s/ David R. Bohanan*
David R. Bohanan
286 Boston Road
Sutton, MA 01590
(508) 865-7352

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

5

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**
NOV 18 2003
ATTEST:
[signature] CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2057 C

David R. Bohanan, Individually and as Executor of the Estate of Doris W. Bohanan

**Plaintiff(s)**

v.

General Electric Capital Assurance Company

**Defendant(s)**

## SUMMONS

\* To the above-named Defendant:

You are hereby summoned and required to serve upon David R. Bohanan, ~~plaintiff's attorney,~~ whose address is 286 Boston Rd., Sutton, MA 01590 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 10th day of October in the year of our Lord two thousand and three.

[signature]

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on November 4, 20 03, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

First Class mail to General Electric Capital Assurance Co., 6604 N. Broad Street, Richmond VA 23230

*[signature: Carey N Mackey]*

Dated: 11/04, 20 03.

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

**RECEIVED**
**NOV - 4 2003**, 20
DIVISION OF INSURANCE
OFFICE OF THE GENERAL COUNSEL

---

**COMMONWEALTH OF MASSACHUSETTS**
Worcester, ss.
**Superior Court Civil Action**
No. _____

David R. Bohanan, Individually and as Executor of the Estate of Doris W. Bohanan
**Plaintiff**

v.

General Electric Capital Assurance Company
**Defendant**

**SUMMONS**
(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest: *[signature: Alex Rodriguez III]*
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                          SUPERIOR COURT
                                                       CIVIL ACTION NO. 03-2087 C

DAVID R. BOHANAN,                )
Individually and as Executor     )
of the Estate of Doris W. Bohanan, )
                                 )
            Plaintiff            )
                                 )
v.                               )
                                 )
GENERAL ELECTRIC CAPITAL         )
ASSURANCE COMPANY,               )
                                 )
            Defendant            )
                                 )

## NOTICE OF REMOVAL AND REQUEST FOR CERTIFIED RECORDS

To the Clerk of the Superior Court in and for Worcester County:

Please take notice the above-captioned action has been removed, pursuant to Title 28, United States Code, Sections 1441 and 1446, to the United States District Court for the District of Massachusetts. A copy of the **NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF THE COMMONWEALTH OF MASSACHUSETTS IN AND FOR WORCESTER COUNTY**, in accordance with Title 28, United States Code, Section 1446(d), which has been date stamped, certified, and assigned Docket No. 03-40259 in the United States District Court for the District of Massachusetts, is attached hereto.

Kindly forward to the undersigned counsel for the Defendant attested to copies of all pleadings and other documents filed with the Superior Court, and an attested copy of all docket entries.

GENERAL ELECTRIC CAPITAL
ASSURANCE COMPANY,
By its attorney,

/s/ Stephen A. Roach

Stephen A. Roach, BBO # 542138
ROACH & WISE, LLP
31 State Street, 8th Floor
Boston, Massachusetts 02109-2705
(617) 723-2800

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for the Defendant, General Electric Capital Assurance Company, hereby certify that on November 26, 2003, I served the Plaintiff with the within document by causing a copy of same to be mailed to the Plaintiff's attorney, David R. Bohanan, by first class mail.

/s/ Stephen A. Roach

Stephen A. Roach

2

A true copy by photostatic process
Attest: [signature]
Asst. Clerk