FILED
UNITED STATES DISTRICT COURT OFFICE
FOR THE
DISTRICT OF MASSACHUSETTS 2003 DEC 15 P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| DAVID R. BOHANAN, | ) | CIVIL ACTION NO. 03-40259 |
| Individually and as Executor | ) |  |
| of the Estate of Doris W. Bohanan, | ) |  |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| GENERAL ELECTRIC CAPITAL | ) |  |
| ASSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant | ) |  |

## ANSWER OF DEFENDANT GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY

Now comes the Defendant General Electric Capital Assurance Company ("GECAC") and for Answer to the Complaint says:

GECAC answers the specific allegations of the Complaint as follows:

### PARTIES

1. On information and belief, GECAC admits the allegations of paragraph 1.

2. Admitted.

### FACTS

3. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

### COUNT I

4. On information and belief, GECAC admits the allegations of paragraph 4.

5. GECAC admits that it issued to Doris W. Bohanan a Certificate of Accident Insurance which covered her for accidental death and dismemberment, and that the Certificate of Accident Insurance was issued under group Accident Insurance Policy Number DVA05254243 which GECAC issued to the Millbury Credit Union (collectively the "Policy"). CECAC further admits that on her enrollment card for the Policy Doris W. Bohanan designated one David R. Bohanan "son" as her beneficiary. GECAC denies the balance of the allegations of paragraph 5.

6. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. GECAC admits that timely premium payments were made for the Policy. GECAC denies the balance of the allegations of paragraph 8.

9. Admitted.

10. Because the allegations of paragraph 10 purport to construe the written contents of documents no responsive pleading is needed as the documents speak for themselves. To the extent that a responsive pleading is required or that the allegations of paragraph 10 set forth allegations of facts, GECAC denies those allegations. And further answering, GECAC states that benefits under the Policy are reduced by 50% once Doris W. Bohanan reached age 70.

11. On information and belief, GECAC admits the allegations of paragraph 11.

12. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. GECAC is without knowledge or information sufficient to form a belief as to the truth

2

of the allegations of paragraph 13.

14.    GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.  GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denied.

17. Denied.

18. Denied. And further answering, GECAC states that the contents of the death certificate was one of the factors GECAC considered in evaluating the Plaintiff's claim for benefits under the Policy.

19.    GECAC is without knowledge or information sufficient to form a belief as to the truth  of the allegations of paragraph 19.

20.    Because the allegations of paragraph 20 purport to construe the written contents of a document no responsive pleading is needed as the document speaks for itself. To the extent that a responsive pleading is required or that the allegations of paragraph 20 set forth allegations of facts, GECAC denies those allegations.

21. Denied.  And further answering, GECAC states that it reasonably, thoroughly, fairly and promptly evaluated the Plaintiff's claim for benefits under the Policy.

22. Because the allegations of paragraph 22 purport to construe the written contents of  a document no responsive pleading is needed as the document speaks for itself. To the extent that a responsive pleading is required or that the allegations of paragraph 22 set forth allegations of facts, GECAC denies those allegations. And further answering, GECAC admits that it denied the

3

Plaintiff's claim for benefits under the Policy.

23.  GECAC is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 23.

24. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.  GECAC admits that on or about January 4, 2002, it received from the Plaintiff a letter dated December 31, 2001, a copy of which is attached as Exhibit E to the Complaint served on GECAC.  GECAC denies the balance of the allegations of paragraph 25. And further answering, GECAC denies that Exhibit E to the Complaint satisfies the requirements of a written demand for relief under M.G.L. Chapter 93A, Section 9.

26.  Because the allegations of paragraph 26 purport to construe the written contents of a document no responsive pleading is needed as the document speaks for itself. Furthermore, because the allegations of paragraph 26 state conclusions of law rather than allege facts, no responsive pleading is required. To the extent that a responsive pleading is required or that the allegations of paragraph 26 set forth allegations of facts, GECAC denies those allegations.

## COUNT I - BREACH OF CONTRACT

27.  GECAC repeats, reasserts and incorporates by reference its responses to paragraphs 1 through 26 above.

28.  GECAC denies that it entered into a contract with Doris W. Bohanan whereby GECAC agreed to pay death benefits.  GECAC admits that it issued the Policy which, subject to the Policy's terms and conditions, provided certain benefits for accidental death and dismemberment.  GECAC denies the balance of the allegations of paragraph 28.

4

29.   Because the allegations of paragraph 29 contain no allegations of fact but, rather, set forth conclusions of law, no responsive pleading is required. To the extent that a responsive pleading is required or that the allegations of paragraph 29 set forth allegations of facts, GECAC denies those allegations.  And further answering, GECAC admits that timely premium payments were made for the Policy.

30.  Denied.

31.  GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.   GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.  Denied.

34.  Denied.

35.  Denied.

36.  GECAC admits that it denied benefits under the Policy to the Plaintiff. GECAC denies the balance of the allegations of paragraph 36.  And further answering, based on the facts of the matter and the terms and conditions of the Policy, the Plaintiff is not entitled to benefits under the Policy.

37. Denied.

38.  Denied.

## COUNT II - NEGLIGENT MISREPRESENTATION

39.  GECAC repeats, reasserts and incorporates by reference its responses to paragraphs 1 through 38 above.

5

40. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. GECAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

## COUNT III - M.G.L. CHAPTER 93A

42. GECAC repeats, reasserts and incorporates by reference its responses to paragraphs 1 through 41 above.

43. Denied.

44. Because the allegations of paragraph 43 contain no allegations of fact but, rather, set forth conclusions of law, no responsive pleading is required. To the extent that a responsive pleading is required or that the allegations of paragraph 43 set forth allegations of facts, GECAC denies those allegations.

45. Because the allegations of paragraph 45 purport to construe the written contents of a document no responsive pleading is needed as the document speaks for itself. Furthermore, because the allegations of paragraph 45 state conclusions of law rather than allege facts, no responsive pleading is required. To the extent that a responsive pleading is required or that the allegations of paragraph 45 set forth allegations of facts, GECAC denies those allegations.

46. GECAC admits that it denied to pay the Plaintiff benefits under the Policy. GECAC denies, however, the balance of the allegations of paragraph 46.

47. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted because

(1) there can be no claim for negligent misrepresentation about the terms of an insurance policy,

(2) the estate of Doris W. Bohanan is not a proper party to this action and has no standing

because her estate was not the designated beneficiary under the Policy and the benefits pass by

operation of law and as provided for in the Policy, (3) there is no private right of action under

M.G.L. Chapter 176D, (4) the Plaintiff did not mail or deliver to GECAC a letter which satisfies

the requirements of a written demand for relief under M.G.L. Chapter 93A, Section 9,

### SECOND AFFIRMATIVE DEFENSE

The death of Doris W. Bohanan was <u>not</u> due, directly and independently of all other

causes, to accidental injury.

### THIRD AFFIRMATIVE DEFENSE

The estate of Doris W. Bohanan has no standing to bring this action and is an improper

party .

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has failed to meet his requirements for proof of

loss as provided for in the Policy and under the law.

### FIFTH AFFIRMATIVE DEFENSE

Because the Plaintiff failed to satisfy all conditions precedent required to entitle him to

benefits under the Policy, his claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

The letter dated December 31, 2001 to GECAC from the Plaintiff, a copy of which is

attached as Exhibit E to the Complaint, fails to satisfy the requirements of a written demand for

relief under M.G.L. Chapter 93A, Section 9. Said letter does not meet the detailed factual and

7

legal requirements of M.G.L. Chapter 93A and, therefore, does not constitute a demand letter

pursuant to Chapter 93A. Accordingly, the Plaintiff's alleged claims for relief under Chapter 93A

and under M.G.L. Chapter 176D are barred.

### SEVENTH AFFIRMATIVE DEFENSE

Payment of benefits to the Plaintiff under the Policy would violate the provisions of

M.G.L. Chapter 175, Section 182 because the Plaintiff is not entitled to benefits under the terms

of the Policy and under the law.

### EIGHTH AFFIRMATIVE DEFENSE

Payment of benefits to the Plaintiff under the Policy, where the Plaintiff has not

demonstrated that benefits are due, would constitute discrimination with respect to GECAC's

other policyholders.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff, by his acts, statements or conduct, or by acts, statements or conduct

attributable to him, has violated the implied covenant of good faith and fair dealing and, therefore,

is barred from recovery.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff, by his acts, statements and conduct, or by acts, statements or conduct

attributable to him, is estopped, equitably and otherwise, from asserting any claims against

GECAC.

### ELEVENTH AFFIRMATIVE DEFENSE

Any acts, statements, omissions or misrepresentations, whether done intentionally or

negligently, by anyone purporting to act for GECAC were done outside the scope of that person's

scope of employment or agency and were done without authority, express or implied, from

GECAC, which has no liability for such acts, statements, omissions or misrepresentations.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff, by his acts, statements and conduct, or by acts, statements or conduct

attributable to him, including those for whose conduct she is responsible, is guilty of unclean

hands and, therefore, is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

M.G.L. Chapter 176D does not provide for a private cause of action and, therefore, the

Plaintiff's claims under Chapter 176D are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because there he has no right to claim negligent

misrepresentation regarding the terms of an insurance policy.

WHEREFORE, the Defendant General Electric Capital Assurance Company prays that

the Complaint of Plaintiff David R. Bohanan, both individually and in his capacity as the executor

of the estate of Doris W. Bohanan, be dismissed and that the Defendant be awarded its costs and

attorneys fees in defense of this action and such other relief as this Court deems

equitable and just.

> GENERAL ELECTRIC CAPITAL
> ASSURANCE COMPANY,
>
> By its attorney,
>
>
> Stephen A. Roach, BBO # 542138
> ROACH & WISE, LLP
> 31 State Street, 8th Floor
> Boston, Massachusetts 02109-2705
> (617) 723-2800

9

<u>CERTIFICATE OF SERVICE</u>

I, Stephen A. Roach, Attorney for the Defendant, General Electric Capital Assurance Company, hereby certify that on December 12, 2003, I served the Plaintiff with the within document by causing a copy of same to be mailed to the Plaintiff, who is acting pro se,  by first class mail.

Stephen A. Roach